**YUMA MESA IRRIGATION AND DRAINAGE DISTRICT, Plaintiff,**

v.

**Stewart L. UDALL, Secretary of the Interior, Defendant.**

**Civ. A. No. 1551–64.**

United States District Court
District of Columbia.

Dec. 17, 1965.

As Corrected May 18, 1966.

Charles F. Wheatley, Jr., Robert L. McCarty, McCarty & Wheatley, Washington, D. C., Thaddeus G. Baker, Brandt & Baker, Yuma, Ariz., for plaintiff.

Martin Green, David R. Warner, Walter Kiechel, Jr., Dept. of Justice, Washington, D. C., for defendant.

CORCORAN, District Judge.

This matter came on for hearing in open court on November 5, 1965, on defendant's Motion to Dismiss. The defendant contended that the plaintiff's action initiated on June 30, 1964, to enjoin the enforcement of the order of the Secretary of the Interior promulgated in May 1964, whereby the amount of water to be delivered by the defendant to the plaintiff during the balance of the calendar year 1964 would be decreased by ten percent, is now moot because of the expiration of the order, and the action should therefore be dismissed. The defendant further contended that the action should be dismissed because the complaint fails to state a claim upon which relief can be granted, and because the court lacks jurisdiction over the subject matter of the suit.

The plaintiff contended that the defendant's motion to dismiss, having been filed after the defendant's answer, was not timely filed, and may not be considered. The plaintiff also contended that the action is not moot, because the Secretary's order is indicative of his continuing intention to impose restric-

tions on the plaintiff's consumption of water, and further, that because these restrictions are arbitrary and capricious and beyond the authority of the Secretary to impose, and therefore not the act of the sovereign, this court has jurisdiction over the matter and may enjoin the Secretary.

Having considered the oral arguments made by counsel in this case, and having reviewed the pleadings, motion to dismiss, and briefs filed by both parties, and having considered "Findings of Fact and Conclusions of Law" proposed by the defendant and the objections thereto by the plaintiff, and being fully advised in the premises, the Court hereby makes findings of fact and states conclusions of law as follows:

### FINDINGS OF FACT

1. The plaintiff is a political subdivision of the State of Arizona. The lands of the plaintiff district are embraced within the boundaries of the first division of the Gila Project as authorized by the President on June 21, 1937, under the Reclamation law, and of the Yuma Mesa Division of the Gila Project as reauthorized by the Act of July 30, 1947 (61 Stat. 628) which specified that the Unit was to include 25,000 acres of irrigated land.

2. The defendant is the Secretary of the Interior of the United States and is charged with the administration of the laws relating to the storage and delivery of waters of the main stream of the Colorado River.

3. On May 26, 1956, the plaintiff entered into a repayment contract with the United States, whereby the latter agreed, among other things, to deliver to the plaintiff from storage available in Lake Mead

* * * such quantities of water, including all other waters diverted for use within the District from the Colorado River, as may be ordered by the District * * * and as may be reasonably required and beneficially used

for the irrigation of not to exceed 25,000 irrigable acres situate therein * * * Provided, however, that the maximum rate of diversion at Imperial Dam of water for delivery hereunder shall be five hundred and twenty (520) cubic feet per second * * *.

The contract is subject, *inter alia*, to the provisions of the Boulder Canyon Project Act, 43 U.S.C. sec. 617, the Colorado River Compact, H. Doc. 717, 80th Cong., 2d Sess. (1948), and the Mexican Water Treaty, 59 Stat. 1219. The contract is for permanent service.

4. On May 16, 1964, at a press conference in Las Vegas, Nevada, the defendant announced that as a result of unusually low spring runoffs for the second consecutive year, deliveries of water stored in Lake Mead for the remainder of calendar year 1964 to those individuals and organizations having the right by contract to divert such water would be reduced by ten percent, this reduction to be implemented by the Bureau of Reclamation. On May 19, 1964, the Regional Director of the Bureau of Reclamation in a letter to the plaintiff advised that the water scheduled for diversion to the plaintiff for the seven months period of June through December 1964 (176,000 acre-feet), would be reduced by 17,600 acre feet to 158,400 acre feet, and that in addition the plaintiff would be charged with all water ordered for a given week and available for diversion at Imperial Dam but not taken. On June 19, 1964, in response to an amended schedule submitted under protest by the plaintiff, the Department of the Interior acting by and through T. H. Moser, project manager of the Yuma Project Office, changed to 163,280 acre feet the volume of water which might be delivered to the plaintiff for the remaining seven months of 1964.

5. On June 30, 1964, the plaintiff filed this action, seeking an adjudication that the order of the Secretary imposing a ten percent cut in the delivery of Colorado River water to the plaintiff is in

violation of the law, and should be enjoined. On July 7, 1964, the plaintiff filed a motion for preliminary injunction, which was granted on August 19, 1964.

6. On July 16, 1964, the Regional Director of the Bureau of Reclamation informed the President of the plaintiff organization that it was not the intention of the Bureau of Reclamation that the reduction in diversions be applied in such a manner as to result in the impairment of crop yield to any individual, and that "additional water will be available for delivery to meet individual hardship cases if any develop."

7. The defendant filed his answer to the complaint on October 9, 1964. The Second and Fourth Defenses of the answer specifically alleged that this Court lacked jurisdiction over the subject matter of the action, and the concluding prayer of the answer was that this action be dismissed.

8. On September 1, 1965, the plaintiff filed a certificate of readiness. On September 10, 1965, the defendant filed an Objection to the Certificate of Readiness, and a Motion to Dismiss.

9. No consent has been given by the United States to the filing of an action against it relating to its administration of contracts entered into by it for the delivery to individuals and organizations of Colorado River water from storage in Lake Mead.

## CONCLUSIONS OF LAW

1. The defendant's motion to dismiss was timely filed.

■ 2. The Secretary of the Interior had authority under the Boulder Canyon Project Act, 43 U.S.C. sec. 617 et seq., to enter into the contract with the plaintiff described in finding 3 above. Such contract does not require the delivery to the plaintiff of any specific quantity of water, but only of so much water as may be "reasonably required and beneficially used" by the plaintiff.

■ 3. The Boulder Canyon Project Act, 43 U.S.C. sec. 617 et seq., is a constitutional statutory delegation to the Secretary of the Interior of the power to direct, manage, and coordinate the operation of the installations and projects constructed and operated by the United States along the Colorado River. State of Arizona v. State of California, 373 U.S. 546, 83 S.Ct. 1468, 10 L.Ed.2d 542 (1963).

■ 4. The action of the Secretary of the Interior in reducing by ten percent the amount of water which the plaintiff might order during the balance of 1964, and at the same time providing that additional water would be made available to meet such individual hardship cases as might develop, was not a violation of the defendant's obligation to the plaintiff under the contract of May 26, 1956.

5. The action of the Secretary of the Interior in reducing by ten percent the amount of water which the plaintiff might order during the balance of 1964 was within his statutory authority; the statute conferring upon him the authority is constitutional, and the Secretary of the Interior exercised this authority in a constitutional manner.

■ 6. The action of the Secretary of the Interior in reducing by ten percent the amount of water which the plaintiff might order during the balance of 1964 was the action of the sovereign, and, the sovereign not having consented thereto, may not be enjoined, or otherwise made the subject of any court proceedings. Larson v. Domestic and Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

7. The defendant's motion to dismiss should be granted, and the preliminary injunction heretofore entered in this cause should be dissolved.

Let judgment be entered accordingly.